[715 NYS2d 729]

In the Matter of JEFFREY BETTAN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, November 6, 2000

**APPEARANCES OF COUNSEL**

*Grace D. Moran*, Syosset (*Elizabeth A. Grabowski* of counsel), for petitioner.

*Jeffrey Bettan*, Westbury, respondent *pro se*.

## OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition containing two charges of professional misconduct. In his answer, he admitted in part and denied in part the allegations. After a hearing, the Special Referee sustained both charges. The Grievance Committee now moves, and the respondent cross-moves, to confirm the Special Referee's report.

Charge One alleged that the respondent failed to satisfy a judgment against him that was related to his practice of law, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (8) (now [7]) (22 NYCRR 1200.3 [a] [5], [8] [now (7)]).

In or about August 1998, the Legal Reporting Service, Inc. (hereinafter Legal Reporting) commenced an action against the respondent in the Commercial Claims Part of the District Court, Nassau County, to recover a preexisting debt in the principal amount of $270.54 for stenographic reporting services. On or about October 15, 1998, after an inquest, a judgment was entered against the respondent in the amount of $401.11, including interest, costs, and disbursements, upon his default. As of the date of the petition, the respondent had not satisfied this judgment.

Charge Two alleged that the respondent failed to cooperate with the Grievance Committee's investigation of the complaint filed by Legal Reporting, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (8) (now [7]) (22 NYCRR 1200.3 [a] [5], [8] [now (7)]).

On or about May 6, 1999, the Grievance Committee sent a letter by regular mail to the respondent with a copy of Legal Reporting's complaint enclosed. The Grievance Committee requested that the respondent submit a written answer to the complaint within 15 days. No response was received.

On or about June 21, 1999, the Grievance Committee sent another letter to the respondent by certified mail, return receipt requested, with a copy of the prior correspondence. The Committee suggested that the respondent respond forthwith to avoid the imposition of disciplinary sanctions. The letter was delivered to the respondent's office on or about June 25, 1999. As of the date of the petition, no response had been received, causing the petitioner to commence this proceeding.

The evidence adduced at the hearing clearly established that the respondent did not satisfy the judgment against him or respond to the Grievance Committee's inquiries until after this

proceeding was commenced by service of the petition on September 14, 1999. Thus, both charges were properly sustained by the Special Referee.

In determining the appropriate measure of discipline to impose, the respondent asks the Court to consider the mitigating circumstances to which he testified at the hearing, including his health problems and those of his mother in 1995 and 1996, the departure of his secretary of 15 years, and his difficulty locating files due to his landlord's renovation of the building where his office was located. The respondent also asks the Court to consider that his actions were not venal, intentional, or wilful; that no client matter or money was involved; that the judgment was paid; and that he is remorseful.

The respondent's disciplinary record consists of a joint letter of caution/admonition in 1983, a letter of admonition in 1985, two letters of caution in 1985, a letter of admonition in 1997, and two letters of admonition in 1998.

Under the totality of circumstances, the respondent is suspended from the practice of law for a period of one year.

Mangano, P. J., Bracken, O'Brien, Ritter and H. Miller, JJ., concur.

Ordered that the petitioner's motion and the respondent's cross motion to confirm the report of the Special Referee are granted; and it is further,

Ordered that the respondent, Jeffrey Bettan, is suspended from the practice of law for a period of one year, commencing December 6, 2000, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of one year upon furnishing satisfactory proof that (a) during the said period he refrained from practicing or attempting to practice law, (b) he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see, 22 NYCRR 691.10), and (c) he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this court, the respondent, Jeffrey Bettan, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an

opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.